Eric Owens v. VHS Acquisition Subsidiary No. 3, Incorporated, 16-1709. Would the lawyers who are guiding the case please approach the bench and introduce yourself to the board. Good morning, Your Honor. I'm Melissa Murphy-Petros for the defendant appellant, Dr. Suma Alahi. Good morning, Your Honors. My name is Stephanie Rubin. On behalf of the plaintiff, the appellee, Eric Owens. And, appellant, how much time do you need for rebuttal? I think three minutes will be fine, sir. Good morning, Your Honors, and may it please the court. Melissa Murphy-Petros on behalf of the defendant appellant, Dr. Suma Alahi. The focus for Section D-2 of the Relation Back Statute, which is the only element of the statute that's at issue here, is on what the newly added defendant knew and when. Did the newly added defendant know of the lawsuit within a narrowly prescribed statutory time period, and did the newly added defendant know that she would have been added to that lawsuit or named in that lawsuit but for a mistake of identity by plaintiff? Let me ask you this question. You agree that the defendant has to know. That's the big thing. Is that correct? Yes, the defendant Okay, so it's actual or constructive knowledge. Is that correct? Constructive knowledge can certainly apply in certain circumstances. The Borchers case does talk about that. Here, however, there is no evidence supporting a constructive notice to Dr. Alahi. Her affidavit is very clear that she did not learn of the lawsuit until she was served with the amended complaint in September of 2014. And it's also clear that she never spoke with Dr. Razudin's attorney, my partner, at any time prior to being served with the amended complaint. And in fact, Borchers cites a Third Circuit case, which the name, excuse me, is eluding me, but it does talk about constructive notice to a shared attorney. And your law firm was retained by an insurance company? I don't know that for sure. That would be my guess. Yes, my educated guess. And the insurance company did an investigation on this matter? I don't know what the insurance company would have done. It's certainly not in their record. But ordinarily, they investigate every claim, don't they? Well, certainly, I think that's a good assumption based on general practices. But again, it's not in the record. What we do know, and again, the statute's very clear and speaks to the newly added defendant, not anyone else. So we do know that Dr. Alahi, the evidence is undisputed, that Dr. Alahi did not know of this lawsuit until September of 2014 when she was served with the amended complaint. Well after the statute of limitations expired, and well after any time that would have been allowed for service under Rule 103B, that she never spoke with any attorneys retained for the other defendant. Prior to that time, she had absolutely no knowledge. Would the knowledge of the insurance company be imputed to her if they knew? Honestly, I think it would depend on the facts and the circumstances. Here, there's absolutely no evidence in this record of any insurance company knowledge. There is no evidence that anyone spoke to her. There's no evidence of an insurance. That's true. Her affidavit is very, very clear that she did not know. And that's what the statute says. It goes to the newly added defendant. Well, you see, there's no evidence that there is an insurance company. But in every malpractice case, there's either an insurance company or an administrator for a self-insured. Isn't that true? In every case. I would think so. But again, I think that if this court is going to find that Dr. Elagi somehow had constructed notice of this lawsuit through an insurance company, there would have to be evidence in the record to support that. I'm just trying to find out. Sure. There would have to be evidence to support that. And again, Borchers does discuss constructed notice of the lawsuit. And then states specifically, you would have to have evidence to back that up. There would have to be some communication that is documented and is in the record. And this was never developed in this record. The statute, again, speaks only to the defendant, Dr. Elagi, the newly added defendant. And we do have her affidavit in the record, which plaintiff has never challenged and never sought to depose her on this. But she did not know of this lawsuit until after she was served with the amended complaint, several, almost nine months after the statute of limitations expired. Well, so that was never commenced here? So there was no discovery because this was just done immediately, basically, a motion to dismiss? Yes, once Dr. Elagi received the amended complaint. But certainly I think plaintiff would have been wrong within her rights to ask the circuit court to depose Dr. Elagi about the contents of her affidavit with respect to when she knew about this lawsuit. And that would have been a reasonable request. I'm sure the circuit court would have granted it. Plaintiff took Dr. Elagi's affidavit at face value. And they didn't do that? Plaintiff did not do that, no. That's correct. With regard to the hospital, what's Dr. Elagi's relationship, agent, principal, independent contractor? You know, the record's not clear on that. So I honestly do not know. I believe that she's an independent contractor, but I can certainly supplement. If Your Honor would like more information on that, we'd be happy to send something over. But the complaint alleges an agency with the hospital, and under a motion to dismiss, we take that allegation as true. Then, yes, of course, of course. But, again, there's no evidence at the hospital notified Dr. Elagi. So the only evidence that we have, which is undisputed, is that Dr. Elagi did not know until well after the time period that's specifically set out in the relation-backed statute had expired. But wouldn't her capacity affect whether or not she had notice? I'm sorry, sir? Wouldn't her capacity with regards to the hospital make a difference whether or not maybe she had constructive notice or extra notice? If she's an agent or a principal or maybe an independent contractor at the hospital? Yeah, it would certainly make a difference in terms of what the hospital would let her know or would reach out to her to communicate to her. But, again, we don't have that evidence in the record. And, again, that's something that I think, you know, if plaintiffs had wanted to depose Dr. Elagi about her affidavit and her very specific attestations, maybe those would be questions that one would ask Dr. Elagi. But, again, the plaintiff took her affidavit in which she's very clear as to when she first learned of this lawsuit. And it's well past the statutory time frame, and that's been taken as unchallenged by the plaintiff. Yes, but since there's an allegation of agency, then we have to take that as true and then anything that the hospital knows is imputed to her. Yes, yes. But, again, the statute, you know, we're getting into the constructive notice aspect that the Borscher's Court talked about, and there would still need to be evidence that the hospital told her something about this lawsuit within the statutorily prescribed time period. There would have to be evidence of all that, and we don't have that. What we have is evidence that she did not know until September 16th of 2014 when she was served with the amended complaint. That's her first notice of the lawsuit. That is undisputed. There's no affidavit as to when the hospital had notice. There is not. But, again, you know, we're looking at the notice to Dr. Elahi, and whether or not, even if the hospital did have notice, that could not be imputed to Dr. Elahi absent some evidence that the hospital communicated this information to her. Again, she's very, very specific that she knew nothing about this lawsuit until being served with the amended complaint in September of 2014. Okay. If you have no further questions, I'll save the rest of my time for a rebuttal. Okay. Okay, thank you. Before you start, let me ask you a couple of questions. First question is, does your law firm concentrate in the field of medical malpractice? We do. Then why haven't you developed this notice argument when that's the issue here? You didn't take any depositions. You didn't find out when the hospital had notice. You didn't find out whether there's an actual agency relationship here. You didn't find out anything about notice that could be imputed to this factor. I have a two-part answer to that, Your Honor. First, notice is not part of the certified question that was presented here before the court. The specific part of the question that they focused on was the knowledge requirement, not the notice requirement. The second answer to that is we did argue notice extensively in front of Judge Johnson during the motion to dismiss. Unfortunately, the defendant appellant did not have a court recorder at that proceeding. But constructive and actual notice were argued extensively in front of her, and Judge Johnson found, based on the factual elements that were argued, that notice was sufficient and that the relation-backed doctrine was triggered. But what evidence is there of this notice that the judge found? What evidence do you have? Absolutely. There were multiple things that I argued. First, I argued in terms of if we want to focus on constructive knowledge, I argued the Polites v. U.S. Bank case, 361LF3D76, which is a First District case that dealt with constructive knowledge and the relation-backed doctrine specifically. In that case, there was more than 14 months after the statute of limitations had expired before the plaintiff amended the complaint naming U.S. Bank. There was evidence in that case. This case seems to be lack of evidence. There was a shared attorney in that case, and in that case they dealt with the CSS insurance provider. And in this case, what was argued at the circuit court, which was not denied by the handling counsel, is that the insurance company Catlin represents all three emergency room positions under one policy that was named in this case. But as Judge Lampkin brought up before, there's not even any information or evidence to show that there even is an insurance company. That fact was not disputed by the defendant when we argued it in front of Judge Johnson. We don't have a transcript of that argument. I understand. I don't know how we're arguing something when there's – we can't argue something when we don't have a transcript of it. It is not – it's not here. All right. Proceed. Your Honors, we're here today by the certified question that was brought by the appellants in this case. And the certified question under Rule 308 is a specific de novo review that is limited to the legal question presented. I believe that the appellant is trying to have the whole decision reviewed that Judge Johnson made,  However, they asked a specific legal question that took three tries before Judge Johnson agreed to approve something to present to you today. The question asks, one, whether the defendant's signature that was in the medical records in plaintiff's possession prior to the filing of the action and the new defendant had no knowledge that the action would have been brought against her but for a mistake concerning her identity triggers the relation back doctrine. So you believe we could answer these questions even without any evidence? Of notice, yes, because I don't believe that the defendant appellant made notice and issue in their certified question. They made the question of knowledge. Their brief argued the difference between plaintiff's intent versus defendant's knowledge. And the Zlatep decision – I apologize if I'm not pronouncing that correctly – which came down in 2015 while we were trying to certify this question, Judge Johnson said, I believe, based on the First District's ruling in Zlatep, my decision will be upheld. But if you would like to continue this pursuit of a certified question, find me a suitable one and I will certify it. How knowledge is derived is important here because we don't even know what capacity this doctor is with relations to the hospital, which would maybe help us in terms of deciding whether or not there's actual or constructive notice here to the doctor. And counsel indicated earlier that that issue was never flushed out at the circuit court. Constructive knowledge, as I said, was argued at the circuit court in terms of at least the arguments that I presented in front of Judge Johnson that she agreed with. Then the issue, as far as we were concerned, was put to rest because the ruling had been in our favor and the case was proceeding forward. Dr. Elahi's deposition has proceeded. The appellant could have attached that to the record. They chose not to. The appellant could have attached affidavits from attorneys in their office. They chose not to. The appellant could have attached affidavits from Catlin Insurance Company, the adjuster that hired them, that represents all them about conversations that they could have had. They chose not to. All these things were in their control. If they felt they had such a strong argument that there was no notice here, they didn't attach any of that in the record either. And they are the ones bringing the certified question and have the burden to present to you. So is the agency a capacitor explorer at the circuit court? I argue constructive knowledge based on insurance company and that they were an apparent or actual agent of the hospital. To me, it just seems like we're completely off of where we should be. There was the certified question. The certified question assumes things. They assume. This is the way it reads. Whether an amended complaint against the new defendant filed after the applicable statute of limitations has expired relates back to plaintiff's original complaint where A, the new defendant's signature was in the medical records in plaintiff's possession prior to filing this original complaint. So they're saying the signature is there. And B, the new defendant had no knowledge that the action would have been brought against her but for a mistake concerning her identity. So the question assumes or takes as fact that the new defendant had no knowledge that the action would have been brought against her but for a mistake concerning her identity. That's the question that's posed. That's the answer that we're asked or the question we're asked to answer. Nothing else. I understand that. And that's what I'm trying and I tried in my brief to limit it to. Based on the First District's ruling in Zlantsev, they're looking at whether the mistake would have prejudiced the party on defending the suit on the merits based on when notice was discovered. I argued that in front of Judge Johnson even before the Zlantsev decision came down because board chairs analyzed the Krupski U.S. Supreme Court decision and their decision as well. In this case, there's never been any argument in defendants' brief or reply brief that they can show that the defendant in this case could not defend the case on the merits and that they were in any way prejudiced. Part of that analysis was put forward in the Zlantsev decision in terms of the notice element here and the defendant appellate completely ignored that part of their argument in their reply brief because they can't show any. The defendant was not prejudiced in defending the case on the merits. Defendant was fully participant in the case and has been and could show no prejudice. In terms of the notice requirement, in terms of the actual part that was argued, nine months after the statute, defendant appellate put in there one line that nine months after is an unreasonable time. But 103B analysis has no specific time frame. Every case is fact specific. In 2015, the first searcher found in Selverberg v. Hodgey that 41 months based on that specific analysis was not unreasonable. In this case, there was no lack of diligence, which I understand plaintiff's diligence is no longer an element that's looked at under a 616 analysis anymore. But under a 103B analysis, it is still one of the eight elements that the court considered. In this case, part of the delay in amending it was that the defendant appellate, after they appeared in March of 2014, took 90 days before they made the plaintiff aware that the Dr. Brazudin was not the actual doctor treating, but Dr. Elahi was the correct physician. During that 90 days, whether they sat on that information or whether it took them that long to discover the mistake, that's why a considerable amount of time passed. Within three weeks after that, the complaint was amended with a new 2622 from the certifying physician, and within about 45 days after that, an emergency room doctor, which are notoriously very difficult to serve, was served with a copy of the complaint. All of this time, though, the insurance company, the actual client of Rosenhauser, had knowledge of everything that was going on. And these were the arguments that were presented during oral argument and for the motion to dismiss in front of Judge Johnson. I apologize that they're not here for the record here for you today. All I can tell you is what happened when I was there, unfortunately. Just a very couple of quick points. To Justice Lamkin's point, the certified question is very narrow, and the certified question does assume that Dr. Elahi had no knowledge of the action within the time frame, and that's because that's the fact that is established by the record through her affidavit. So in our mind, you know, that we have made our burden of proof with respect to showing that Dr. Elahi did not have knowledge of this lawsuit in the requisite time period. You're talking about, when you say knowledge, you're talking about actual knowledge. I'm talking about actual knowledge. You're not talking about constructive knowledge. There is no evidence of constructive knowledge in the record, and the burden would have been on the plaintiff in terms of challenging Dr. Elahi's affidavit, which is setting out her actual personal knowledge. If the plaintiff believed that there was a constructive notice or a constructive knowledge argument to be made, then that would have been their burden to develop that and to challenge Dr. Elahi's attestation. The certified question is clear on that. The statute is very clear that we look to the newly added defendant's knowledge of the lawsuit when they receive that knowledge and when they know that they should have been added but for a mistake. She didn't know about the lawsuit until, you know, nine months after the statute of limitations expired. The record evidence is clear on that and undisputed. The relation back statute simply has no application here. Do you have any further questions? Thank you very much. I thank both of you. You gave us a very interesting case, and we will take this case to re-advisement, and the Court will be adjourned.